IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(**Northern Division**)

| | |
|---|---|
| **JONATHAN EHRENFELD**<br>11620 Red Run Boulevard, Suite 100<br>Reisterstown, Maryland 21136,<br><br>**BLUE OCEAN REALTY, LLC**<br>11620 Red Run Boulevard, Suite 100<br>Reisterstown, Maryland 21136,<br><br>**JE MANAGER LLC**<br>11620 Red Run Boulevard, Suite 100<br>Reisterstown, Maryland 21136,<br><br>**8211 TC MANAGER LLC**<br>11620 Red Run Boulevard, Suite 100<br>Reisterstown, Maryland 21136<br><br>*Plaintiffs*,<br><br>**v.**<br><br>**ELIEZER DAVID NEGER**<br>6720 S. Grande Drive<br>Boca Raton, Florida 33433<br><br>*Defendant*. | Case No.: ___1:23-cv-605___ |

# COMPLAINT

Plaintiffs, Jonathan Ehrenfeld ("**Mr. Ehrenfeld**"), Blue Ocean Realty, LLC ("**Blue Ocean**"), JE Manager LLC ("**JE Manager**"), and 8211 TC Manager LLC ("**8211**") (collectively, "**Plaintiffs**"), by and through their undersigned counsel, file this Complaint against Defendant, Eliezer David Neger ("**Mr. Neger**"), seeking a declaration that the Parties are required to arbitrate all disputes in the parties' chosen exclusive forum pursuant to an "Access, Confidentiality and Non-Disclosure Agreement" duly executed by all Parties to this action.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs because:

   (a) Plaintiff, Mr. Ehrenfeld, is domiciled in, and a citizen of, Maryland.

   (b) Plaintiff, Blue Ocean, is a Maryland limited liability company, with its principal place of business in Baltimore County, Maryland. For purposes of diversity jurisdiction, Blue Ocean is a citizen of Maryland because its sole member, Jonathan Ehrenfeld Inc., is a Maryland corporation, with its principal place of business in Maryland, and its sole shareholder is Mr. Ehrenfeld, a citizen of Maryland.

   (c) Plaintiff JE Manager is a Maryland limited liability company, with its principal place of business in Baltimore County, Maryland. For purposes of diversity jurisdiction, JE Manager is a citizen of Maryland because its sole member, Mr. Ehrenfeld, is domiciled in, and a citizen of, Maryland.

   (d) Plaintiff 8211 is a Maryland limited liability company, with its principal place of business in Baltimore County, Maryland. For purposes of diversity jurisdiction, 8211 is a citizen of Maryland because its sole member, Mr. Ehrenfeld, is domiciled in, and a citizen of, Maryland.

   (e) Defendant, Mr. Neger, is domiciled in, and a citizen of, Florida.

   (f) The controversy exceeds $75,000 because it concerns the enforcement of the Agreement, defined below and attached as Exhibit 1, which relates to millions of dollars in real estate investments. In addition, very recently, Mr. Neger demanded hundreds of thousands of dollars from Plaintiffs and threatened to litigate his purported claims.

2. This Court has specific personal jurisdiction over Defendant because the claims arise out of Defendant's investments in real property located in this forum and Mr. Neger wrongfully filed the Circuit Court Action (defined below) in Maryland.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and the real property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS

4. Plaintiffs serve as managing member or manager in many real estate investments in which Mr. Neger is a silent investor.

5. Over the years, various disputes have arisen between Plaintiffs and Defendant concerning properties in which Mr. Neger is an investor.

6. On or about July 1, 2020, Plaintiffs and Defendant entered into an Access, Confidentiality and Non-Disclosure Agreement (the "**Agreement**"), to globally resolve several ongoing business disputes between them and to address the adjudication of any future disputes. A true and correct copy of the Agreement is attached as Exhibit 1 and incorporated herein by reference.

7. The Agreement includes a broad and unambiguous arbitration provision at Section 5.1 the ("**Arbitration Provision**"):

> In the event that **any Party determines that it has claims against another Party** and wishes to pursue **any claim(s) or take any adverse action** against the other Party (the "Claim(s)"), such **Party shall…. be entitled to pursue his Claims exclusively through the Baltimore Bais Din (the "Bais Din")** and **not take any adverse action against the other Party without the express permission of the Bais Din**.

*See* Exhibit 1 (emphasis added).

8. In other words, Mr. Neger unequivocally agreed to pursue "any claims" exclusively in the Baltimore Bais Din and further explicitly agreed "not [to] take any adverse action against the other Party without the express permission of the Bais Din." (Emphasis added). *See* Exhibit 1.

9. Importantly, Mr. Neger does not dispute the existence, authenticity, or validity of the Agreement. In fact, not long ago, Mr. Neger filed (and subsequently dismissed) another lawsuit in Baltimore County Circuit Court seeking to enforce a specific right under the Agreement (*i.e.,* the appointment of a substitute records arbitrator under the Agreement) which Mr. Neger erroneously contended was excused from the Agreement's arbitration clause.

10. In the Complaint filed in that case, Mr. Neger acknowledged the general enforceability of the Arbitration Provision, but argued for an exception in that particular matter, as follows:

> the Access Agreement… distinguishes between the decision maker who would adjudicate books and records disputes (the Records Arbitrator) and **the decision maker who would adjudicate substantive claims (the Baltimore Bais Din)**.

*See* Petition by Eliezer Neger, Circuit Court for Baltimore County Case No. 03-CV-22-002067 at ¶32, attached hereto and incorporated herein as **Exhibit 2** (emphasis added).

11. In other words, Mr. Neger admitted and acknowledged the obvious – the arbitration clause in the Agreement is (i) valid and (ii) applies to "substantive claims" between the parties.

12. In or about August 2022, Mr. Neger filed a lawsuit styled *Neger v. Ehrenfeld, et. al.*, Case No. 24-C-22-3554, in the Circuit Court for Baltimore City (the "**Circuit Court Action**"), with respect to a dispute concerning Mr. Ehrenfeld's management rights and decisions concerning one of many properties disputed between the parties, the Clarksview apartment complex.

13. The Baltimore Bais Din did <u>not</u> give Mr. Neger "permission" to file the Circuit Court Action. To the contrary, the Bais Din issued summonses to Mr. Neger on August 4, 2022,

4

and again on September 22, 2022, compelling Mr. Neger to appear before the Bais Din to adjudicate various disputes.

14. Unfortunately, Mr. Neger ignored the Baltimore Bais Din and proceeded with the Circuit Court Action in direct violation of his contractual agreement with Plaintiffs.

15. The Parties' express agreement to arbitrate is especially important here because both Mr. Ehrenfeld and Mr. Neger are observant of the Orthodox Jewish faith, which, under Jewish Law, mandates Bais Din as the exclusive dispute resolution forum.

16. The Circuit Court erroneously denied Mr. Ehrenfeld's motion to compel arbitration in the Circuit Court Action, finding that the Operating Agreement of the Clarksview property required unanimous consent, which supposedly invalidated the arbitration provision. The Circuit Court's ruling contradicts well-settled law regarding the enforcement of arbitration provisions.[1]

17. Defendant has threatened to sue Mr. Ehrenfeld outside of the Baltimore Bais Din with respect to various other properties that are not subject to the Circuit Court Action.

18. Defendant's ongoing refusal to abide by the express terms of the Agreement's arbitration mandate and covenant not to sue without the written consent of the Baltimore Bais Din compels Plaintiffs to file this action seeking declaratory relief.

## COUNT I
### DECLARATORY JUDGMENT

19. Plaintiffs re-allege and incorporate by reference each allegation averred in the preceding paragraphs.

20. As alleged in the preceding paragraphs, Plaintiffs contend that the Agreement mandates (a) any and all disputes between Plaintiffs and Defendant be adjudicated through the

---

[1] The decision in the Circuit Court Action, unlike in federal court, is not subject to appellate review until the conclusion of that Action.

Baltimore Bais Din; and (b) no party shall take any legal action against another party without the written consent of the Bais Din.

21. Defendant, on the other hand, contends that he is permitted to and threatened to litigate his claims outside of the Bais Din, and actually did file a lawsuit in the Circuit Court for Baltimore City involving one property that is a subject of a dispute between the parties.

22. Thus, an actual controversy exists between Plaintiffs and Defendant involving the rights and liabilities of the parties with respect to the Agreement, which may be determined by a judgment of this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

**WHEREFORE,** Plaintiffs respectfully request judgment in their favor and an order from this Honorable Court awarding the following relief:

A. Declaring that pursuant to the Agreement, any and all disputes between Plaintiffs and Defendant must be adjudicated exclusively by the Baltimore Bais Din;

B. Declaring that pursuant to the Agreement, Defendant is not permitted to file any claims in any forum without the express permission of the Baltimore Bais Din;

C. Awarding Plaintiffs their reasonable attorney's fees and expenses incurred in connection with this action; and

D. Awarding such further declaratory or other relief this Court deems just and proper.

Respectfully submitted,

Date:  March 6, 2022                    /s/      Elliott E. Engel
                                        Elliott E. Engel (Federal Bar No. 28299)
                                        Brian M. Boyle (Federal Bar No. 28242)
                                        Berman, Boyle & Engel LLC
                                        1777 Reisterstown Road, Suite 265
                                        Baltimore, Maryland 21208
                                        410-855-4740
                                        ee@bbelaw.com
                                        bmb@bbelaw.com

                                        *Attorneys for Plaintiffs*